**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HELIODORO SANCHEZ PEREZ,<br><br>        Petitioner,<br>    v.<br><br>TIMOTHY ROBBINS, et al.,<br><br>        Respondents. | No. 5:26-cv-1458 AB (DSR)<br><br>**ORDER TO SHOW CAUSE RE DISMISSAL** |

On March 26, 2026, Petitioner – through counsel – filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 alleging that he is in custody in violation of the Constitution or laws of the United States and therefore seeking a writ requiring Respondents to release him from detention, or in the alternative, to provide him a bond hearing pursuant to 8 U.S.C. § 1226(a) within 7 days. See Doc. No. 1. Concurrently with the petition, he also filed an ex parte application for temporary restraining order – specifically an order prohibiting Respondents from removing Petitioner from the United States, transferring him outside the Central District of California, and "[c]ontinuing his detention without a constitutionally adequate bond hearing." See Doc. No. 2.

On March 27, 2026, Judge Birotte ordered Respondents to file a response to the ex parte application for TRO by March 30th and further ordered Petitioner's counsel to file a proposed order "specifying the relief he seeks" no later than March 28, 2026. See Doc. No. 5.

Respondents timely filed a response to the ex parte application in compliance with the Court's order, and acknowledged that Petitioner is a member of the Bond Eligible Class certified in Maldonado Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, ___ F. Supp. 3d ___, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) and that his claim appears to be subject to the judgment and appellate proceedings in that case.  See Doc. No. 7.  Respondents also requested that, should the Court grant Petitioner's TRO application, that the order be consistent with the other orders of this Court and order a bond hearing rather than Petitioner's immediate release.  Id.

Petitioner's counsel did not comply with the Court's order to submit a proposed order "specifying the relief he seeks."

On April 1, 2026, Judge Birotte entered an Order granting Petitioner's ex parte application, finding that "Petitioner is entitled to an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a), and that denying him a bond hearing violates his rights under the INA."  Doc. No. 8.  Judge Birotte again concluded, as he noted he had done in prior matters involving the same issue as this case, "that Petitioner's continued detention without a bond hearing entitles him to a TRO because he has satisfied the test for a TRO."  Id.  The Court therefore ordered Respondents to "provide Petitioner an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) by Wednesday, April 8, 2026.  Id.  In addition, the Court directed the parties to file a joint status report by April 10th, set a hearing for April 15th on an OSC re preliminary injunction, and enjoined Respondents from transferring, relocating, or removing Petitioner from the Central District of California without further order of the Court. Id.

On April 8, 2026, the parties filed their joint status report, stating that Petitioner received a "custody-redetermination hearing" on April 3, 2026, at which the Immigration Judge denied Petitioner's "request for a change in [his] status."

See Doc. No. 9 at ¶¶ 2-3.  Respondents then stated their position that this case is now moot because "Petitioner has received the relief he seeks in the Petition, i.e., an individualized bond hearing before an immigration judge."  Id. at ¶ 5.  Petitioner, on the other hand, argued that the petition is not moot because (1) the Immigration Judge conducting the bond hearing "ruled that the burden was placed on the Petitioner not on the Respondents," and (2) in summary, the Immigration Judge's ruling that Petitioner is a flight risk was erroneous.  Id. at ¶ 6.  Therefore, Petitioner argued, the bond ruling "renders the Petitioner to unnecessary detainment," and the case is therefore not moot.  Id. at ¶¶ 6-7.  Petitioner then asked that the Court "order his release on his own recognizance.  Id. at ¶ 7.

On April 13, 2026, Judge Birotte entered an order finding the issue of a preliminary injunction to be moot and therefore discharged the OSC.  See Doc. No. 10.  He further referred "[a]ny other challenges Petitioner may make within the purview of his habeas petition" to the undersigned Magistrate Judge.  Id.

It therefore appears that Petitioner has received the relief he sought in the petition – an order "requiring that Respondents release Petitioner or, in the alternative, provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days."  Doc. No. 1 at ECF p. 13:5-7.  While Petitioner now takes the position that this case is nevertheless not moot, he does so not on the basis of any claim or allegation raised in the Petition, but instead on a new basis – that the bond hearing he received was legally deficient.  There is no such claim presently before the Court, however, as the bond hearing had not occurred when the petition was filed.

Therefore, Petitioner is ORDERED TO SHOW CAUSE in writing, no later than 14 days from the date of this Order, why his Petition should not be dismissed as moot.  FAILURE TO RESPOND BY THE DEADLINE WILL RESULT IN A RECOMMENDATION THAT THIS PETITION BE DISMISSED.

If Petitioner timely files a response to this OSC, Respondents may file a reply within 14 days of Petitioner's response to this OSC.  If the Court finds that the matter is not moot, it will issue a further order setting a briefing schedule on the merits of whatever may remain of the petition.

IT IS SO ORDERED.

DATED: April 15, 2026

_____

HON. DANIEL S. ROBERTS
UNITED STATES MAGISTRATE JUDGE